UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00177-GNS

JASON CHILDRESS                                                                    PLAINTIFF


VS.


NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                          DEFENDANT


## FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Jason Childress seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 14)[1] and Defendant (DN 20) have filed a Fact and Law Summary.

Pursuant to General Order No. 2014-17, this matter has been referred to the undersigned United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. By Order entered February 12, 2018 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on June 11, 2013 (Tr. 314). Plaintiff alleged that he became disabled on April 4, 2012 as a result of left leg nerve damage, degenerative disc disease, a bulging disc, and a herniated disc (Tr. 376). Administrative Law

---

[1] Plaintiff did not use the Court's fact and law form and instead styled his motion as one for summary judgment pursuant to F. R. Civ. P. 56.

Judge Jonathan Stanley conducted an initial hearing on November 24, 2014 (Tr. 103).  This hearing led to a partially favorable decision granting Plaintiff an award of benefits for a closed period (Tr. 166).  Plaintiff appealed, and the Appeals Counsel remanded the case for additional consideration (Tr. 188).  Specifically, the Appeals Counsel found that ALJ Stanley's opinion noted medical improvement based on an opinion from Plaintiff's treating physician, Dr. William Witt (Tr. 189).  However, the Appeals Counsel found the opinion nearly identical to another of Dr. Witt's opinions during the period Plaintiff was found to be disabled (Id.).  The Appeals Counsel remanded for a determination of whether Plaintiff had indeed been disabled during the relevant period, and if so, whether that disability had come to an end (Id.).

On June 9, 2016, ALJ Stanley conducted a second hearing in Lexington, Kentucky (Tr. 43).  Plaintiff was present and represented by his attorney, Stacy Hibbard.  Also present and testifying was Betty Hale, an impartial vocational expert.

In a second decision dated September 6, 2016, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 22-42).  At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 4, 2012, the alleged onset date (Tr. 27).  At the second step, the ALJ determined that Plaintiff's obesity, degenerative disc disease of the lumbar spine with chronic low back pain/radiculopathy, status post discectomy, history of right shoulder pain, degenerative joint disease of the left wrist with pain, status post fusion with instrumentation, parasthesias of the left leg and ankle, degenerative joint disease of the knees bilaterally, degenerative joint disease of the left ankle, degenerative joint disease and pain in the feet bilaterally, depression, and anxiety disorder not otherwise specified are "severe" impairments within the meaning of the regulations (Tr. 27).  At the third step, the ALJ concluded that Plaintiff does not have an

impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 28).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a restricted range of light work with the following restrictions:

> [H]e can frequently push and pull using the bilateral upper extremities; can occasionally push and pull using the bilateral lower extremities; can occasionally climb stairs and ramps, but cannot climb ropes, ladders and scaffolds; can occasionally balance, stoop, kneel, crouch and crawl; requires a handheld assistive device such as a cane for prolonged ambulation; can frequently reach overhead bilaterally; can frequently handle and finger using the non-dominant left hand; can occasionally operate foot controls; must avoid concentrated exposure to extreme cold, wetness, and vibration; cannot work at unprotected heights or around hazards such as heavy equipment; can understand, remember and carry out short, simple instructions and make simple work-related judgments; can maintain adequate attention and concentration to perform simple tasks on a sustained basis with normal supervision; can manage and tolerate simple changes in the workplace routine; can adapt to the pressures of simple routine work; and can interact occasionally with supervisors, coworkers and the general public

(Tr. 30). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work (Tr. 33).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 33). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 33-34). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from April 4, 2012, through the date of the decision (Tr. 34).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 309). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1).

<u>CONCLUSIONS OF LAW</u>

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); <u>Cotton v. Sullivan</u>, 2 F.3d 692, 695 (6th Cir. 1993); <u>Wyatt v. Sec'y of Health & Human Servs.</u>, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. <u>Landsaw v. Sec'y of Health & Human Servs.</u>, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." <u>Cotton</u>, 2 F.3d at 695 (quoting <u>Casey v. Sec'y of Health & Human Servs.</u>, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." <u>Cohen v. Sec'y of Health & Human Servs.</u>, 964 F.2d 524, 528 (6th Cir. 1992) (quoting <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); <u>see</u> 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; <u>Cline v. Comm'r of Soc. Sec.</u>, 96 F.3d 146, 148 (6th Cir. 1996); <u>Cotton v. Sullivan</u>, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.  42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).  The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.  In summary, the evaluation proceeds as follows:

1)   Is the claimant engaged in substantial gainful activity?

2)   Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)   Does the claimant have the residual functional capacity to return to his or her past relevant work?

5)   Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

5

Here, the ALJ denied Plaintiff's claim at the fifth step.  For the reasons that follow, the undersigned concludes that the ALJ supported his decision with substantial evidence, and it is recommended that Plaintiff's claim be denied.

SUMMARY OF PLAINTIFF'S ARGUMENT

The Plaintiff first argues the ALJ failed to give controlling weight to Dr. William Witt, his treating physician (DN 14 at PageID # 1075-77).  Plaintiff appears to argue that the ALJ rejected Dr. Witt's opinion without offering good reasons, in violation of the treating physician rule.  Plaintiff maintains the ALJ erred where he did not include in his RFC assessment Dr. Witt's statement that Plaintiff can have "no more standing or sitting than tolerated" (Id. at PageID # 1075).  Plaintiff also states that Dr. Witt's statement that Plaintiff could return to work at some point was premised on Plaintiff's receipt of a spinal cord stimulator, which Plaintiff never received (Id. at PageID # 1075-76).  Plaintiff further argues the ALJ erred in failing to place restrictions on how much the Plaintiff can walk (Id. at PageID # 1076).  While Plaintiff asserts this argument in the context of discussing the ALJ's treatment of Dr. Witt's opinion, it appears that the argument is intended to be a challenge to the RFC as a whole, as Plaintiff does not cite a particular walking restriction imposed by Dr. Witt.  Similarly, Plaintiff argues the ALJ erred in finding that Plaintiff maintains normal strength and sensation (Id. at PageID # 1076).  Again, the undersigned will interpret this as a challenge to the RFC as a whole, as it is unclear how this finding relates to the ALJ's alleged failure to grant Dr. Witt's opinion controlling weight.

Additionally, Plaintiff argues the ALJ improperly relied on Plaintiff's testimony of daily activities to support a less restrictive RFC (Id. at PageID # 1076).  Plaintiff claims these daily activities were sporadic and therefore cannot be used as evidence to impeach Plaintiff's

6

credibility or contradict Dr. Witt's opinion.  Notably, however, the Plaintiff does not explain any aspect of Dr. Witt's opinion that the daily activities contradict.

<u>DISCUSSION</u>

The Sixth Circuit has provided the following comprehensive explanation regarding the standards for weighing medical opinions:

> As a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "nonexamining source"), *id.* § 404.1502, 404.1527(c)(1), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source"), *id.* § 404.1502, 404.1527(c)(2).  In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker."  Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996).

> The source of the opinion therefore dictates the process by which the Commissioner accords it weight.  Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(c)(2).  If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6).

> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion.  *Id.* § 404.1527(c)(2).  These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996).  This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful

7

review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004).

On the other hand, opinions from nontreating and nonexamining sources are never assessed for "controlling weight." The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling. 20 C.F.R. § 404.1527(c). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. *Id.* § 404.1527(c)(6).

Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 375-76 (6th Cir. 2013).

Here, the Commissioner does not dispute that Dr. Witt qualifies as Plaintiff's treating physician. However, the Commissioner notes, and the undersigned agrees, that the ALJ incorporated every restriction that Dr. Witt imposed. The ALJ noted that Dr. Witt opined that "the claimant could not perform repetitive movements with the lower extremities; could sit or stand as tolerated; and could not climb or balance at heights" (Tr. 31-32). The RFC reflects each of the limitations, where Plaintiff may not work around unprotected heights and can only occasionally operate foot controls (Tr. 30). Dr. Witt's statement that Plaintiff may sit or stand as tolerated (Tr. 771) simply is not a medical opinion or specific restriction. The opinion isn't that Plaintiff must have a sit/stand option. Rather, it is an instruction that Plaintiff may exercise his own discretion in deciding whether to sit or stand. It is unclear how the ALJ could even incorporate this statement into the RFC, and thus his failure to do so cannot be error. *See* Mader v. Astrue, 2011 WL 2650183 at *9 (S.D. Ohio June 16, 2011).

While the ALJ did specifically state that he was affording Dr. Witt's opinion "great" rather than controlling weight (Tr. 32), the fact that the ALJ nonetheless incorporated all of Dr. Witt's opinion must lead to a conclusion that any error was harmless. Where the Commissioner nonetheless makes a finding consistent with a treating physician's opinion, the procedural failure

8

to state that it is giving the opinion controlling weight will be deemed harmless error.  Cole v. Astrue, 661 F.3d 831, 940 (6th Cir. 2011).  The undersigned therefore recommends this claim be denied.

The next issue is whether substantial evidence supported the ALJ's conclusion that Plaintiff has largely exhibited normal strength and sensation.  The ALJ discussed a great deal of evidence covering the time period 2012 through 2016 (Tr. 28-32).  For instance, the ALJ noted a doctor's visit where Plaintiff was found to have normal gait and intact tandem heel and toe gait (Tr. 31 (citing Tr. 796).  The ALJ further noted multiple examinations where Plaintiff was found to have normal leg strength and sensation (Tr. 32, citing Tr. 545, 672, 701-02, 746, 796, 948)).  In response to these numerous reports, Plaintiff points to one post-surgical visit where Plaintiff was found to have reduced strength in his leg (Tr. 761) as well as one report (Tr. 779) where Plaintiff complained of numbness and tingling in his left leg.  First, it is likely that Plaintiff did have reduced leg strength post-surgery, but that does nothing to combat the subsequent evidence that Plaintiff regained the lost strength.  Nor does a single report of numbness and tingling offer enough evidence for the undersigned to conclude that the ALJ's decision is not supported by substantial evidence.  As a result, it is recommended this claim be denied.

The next issue is the ALJ's use of Plaintiff's daily activities to support a conclusion that Plaintiff does not experience disabling pain at the level he suggested.  A plaintiff's level of daily activity is a factor which the Administrative Law Judge may consider in determining the extent to which pain is of disabling severity.  20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (As a matter of law, the Administrative Law Judge may consider household and social activities in evaluating complaints of disabling pain.).  Plaintiff's activities

during the relevant time period involved driving, shopping, participating in activities with his son, performing light housework, caring for his personal needs, attending church, and interacting with friends (Tr. 32, (citing Tr. 740-41)).  This level of activity is not indicative of disabling pain.  *See* Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 (6th Cir. 1986).  Thus, the undersigned concludes that the ALJ properly invoked Plaintiff's daily activities when assessing his subjective allegations of pain.  It is therefore recommended that this claim be denied.

Finally, to the extent Plaintiff's complaint that the ALJ improperly assessed his credibility is a separate issue from the previous argument, the undersigned further notes that, with respect to credibility determinations, the conclusion of the Administrative Law Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly."  Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984).  Here, the undersigned declines to disturb the ALJ's findings because Plaintiff has not presented sufficient evidence to merit second guessing the ALJ.  It is therefore recommended this claim be denied.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is recommended that judgment be granted for the Commissioner.

<u>NOTICE</u>

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.  <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, 474 U.S. 140 (1984).

Copies:        Counsel